THE STATE OF OHIO, APPELLEE, v. ALEXANDER, APPELLANT.

[Cite as State v. Alexander (1975), 50 Ohio App. 2d 55.]

(No. 2243—Decided March 12, 1975.)

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. Ernest E. Hume,* for appellee.

*Mr. Phillip B. Taylor,* for appellant.

MAHONEY, J. The defendant-appellant in this case was found guilty of theft—a violation of R. C. 2913.02. The jury also found him guilty of having been convicted previously of a theft offense. That previous offense was a plea of guilty to a charge of malicious entry—a violation of R. C. 2907.13, effective prior to January 1, 1974. The only issues before this court are whether the question of a previous conviction is one for a jury, and whether malicious entry is, in fact, a "theft offense."

Former R. C. 2907.13 provided:

"No person shall, by day or night, maliciously enter a dwelling house, house trailer, kitchen, shop, storehouse, malthouse, stillhouse, mill, office, treasury, railway car, pottery, watercraft, schoolhouse, church, meetinghouse, smokehouse, barn, or stable and attempt to commit a felony.

"Whoever violates this section shall be imprisoned not less than one nor more than two years."

"Theft offense" is now defined in R. C. 2913.01.(K) as follows:

"1. A violation of Section 2911.01, 2911.02, 2911.11, 2911.12, 2911.13, 2911.31, 2911.32, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.32, 2913.33, 2913.41, 2913.42, 2913.43, 2913.44, 2913.45, 2913.51, 2915.05, 2915.06, or 2921.41 of the Revised Code;

"2. A violation of an existing or former municipal ordinance or law of this or any other state or the United States substantially equivalent to any section listed in division (K)(1) of this section;

"3. An offense under an existing or former municipal ordinance or law of this or any other state or the United States involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud;

"4. A conspiracy or attempt to commit, or complicity in committing any offense under division (K)(1), (2), or (3) of this section."

By examining R. C. 2913.01(K), we find that "theft offense" includes the various burglary offenses under the old revised code. This includes force, stealth, or deception entries. Those are malicious entries. Subdivision (K)(3) specifically includes any law which was defined as a burglary or "breaking and entering."

We, therefore, hold that malicious entry under old R. C. 2907.13 is a "theft offense" within the meaning of R. C. 2913.01.We further hold that it is proper to submit the question of a previous conviction to a jury for their determination.

Therefore, finding no prejudicial error by the trial court, we affirm the conviction and judgment of the trial court.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.